UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHLEEN LYNCH PRESTON,

      Plaintiff,

vs.                                                                   Case No.  3:12-cv-482-J-MCR

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

      Defendant.

_____/

## MEMORANDUM OPINION AND ORDER[2]

This case is before the Court on Plaintiff's appeal of an administrative decision

denying her application for Social Security benefits.  The Court has reviewed the record,

the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's

decision is **REVERSED** and the case is **REMANDED** for further proceedings**.**

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance

benefits ("DIB") on March 13, 2006, alleging a period of disability beginning March 2,

2001, and those claims were administratively denied.  (Tr. 68-72, 58-60).  Plaintiff

requested and received a hearing before an Administrative Law Judge (the "ALJ"), on

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W.
Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further
action need be taken to continue this suit by reason of the last sentence of section 205(g) of the
Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge.  (Docs. 10, 12).

May 1, 2008. (Tr. 346-83). On May 13, 2008, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 14-22). On appeal, the ALJ's decision was remanded as not being supported by substantial evidence. (Tr. 408-421).

On remand, the ALJ again found Plaintiff was not disabled. (Tr. 391-401). On February 23, 2012, the AC declined to assume jurisdiction and having exhausted all administrative remedies, Plaintiff timely filed her Complaint on August 31, 2012, seeking judicial review of the Commissioner's decision. (Tr. 384-87).

## II. NATURE OF DISABILITY CLAIM

### A. Basis of Claimed Disability

Plaintiff claimed to be disabled since March 2, 2001, as a result of thyroid disease, depression, multiple tender points, non-restorative sleep, chronic fatigue, and morning stiffness (symptoms of fibromyalgia). (Tr. 68-72).

### B. Summary of Applicable Evidence

Plaintiff was 37 years of age at the time of the ALJ's decision. (Tr. 346; 466). Plaintiff has a degree in sociology and past relevant work experience as a secretary, data entry clerk, and a insurance underwriter. (Tr. 21, 112). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

On January 9, 2003, Plaintiff, suffering from leg and knee pain, fatigue and depression, began seeing a rheumatologist, Dr. Steven Mathews. Dr. Mathews diagnosed Plaintiff and with fibromyalgia and began prescribing medication. (Tr. 332). On March 10, 2003, Dr. Mathews noted Plaintiff was experiencing increased pain in her legs, feet, and hands. (Tr. 331). From May 2003 to September 2003, Dr. Mathews noted Plaintiff to be doing better. (Tr. 327-29). However, from December 2003 to

March 2006, Dr. Mathews noted Plaintiff was experiencing "flare ups", fatigue, aches and pains in the legs, hips, and joints. (Tr. 318-26).

Plaintiff was referred to an endocrinologist, Dr. Lorraine Dajani. From July 29, 2003 to January 22, 2007, Dr. Dajani treated Plaintiff for hypothyroidism, fibromyalgia, insomnia, and other various ailments. Throughout this time, Plaintiff stated she experienced persistent body aches, extreme fatigue, and insomnia. (Tr. 257-85). On March 10, 2006, Dr. Mathews completed a Residual Functional Capacity Questionnaire outlining Plaintiff's impairments and limitations. (Tr. 161-68). Dr. Mathews opined Plaintiff's symptoms were severe enough to frequently interfere with the attention and concentration needed to perform even simple work tasks. (Tr. 165).

On September 24, 2003, Plaintiff also began seeing her primary care physician, Dr. Mark Zoller. Dr. Zoller diagnosed Plaintiff as suffering from fibromyalgia, hypothyroidism, and hemorrhoids, and prescribed medication. (Tr. 202-04). On June 14, 2004, Dr. Zoller diagnosed Plaintiff as suffering from depression and continued prescribing medication. (Tr. 192-98). Over the course of three years, Dr. Zoller's notes were consistent with Plaintiff's symptoms. (Tr. 171-204). Both Drs. Zoller and Mathews opined that Plaintiff could engage in gainful activity, but she would be substantially limited and need to take frequent unscheduled breaks and miss more than four days a month when needed. (Tr. 165-67, 172, 398).

On June 30, 2006 and November 16, 2006, DDS physicians, Drs. Donald Morford and Eric Puestow, conducted a physical residual functional capacity assessment of Plaintiff. Dr. Morford opined that Plaintiff could "occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; stand and/or walk (with

normal breaks) for a total of six hours in an eight-hour workday; sit (with normal breaks) for a total of six hours in an eight-hour workday; and push and/or pull (including operation of hand and/or foot controls) unlimited, other than as shown for lift and/or carry." (Tr. 223-30).  Dr. Morford further opined Plaintiff could perform light work.  Id. Dr. Puestow's assessment indicated Plaintiff could "occasionally lift and/or carry fifty pounds; frequently lift and/or carry twenty-five pounds; stand and/or walk (with normal breaks) for a total of six hours in an eight-hour workday; sit (with normal breaks) for a total of six hours in an eight-hour workday; and push and/or pull (including operation of hand and/or foot controls) unlimited, other than as shown for lift and/or carry." (Tr. 248-55).  Dr. Puestow opined Plaintiff could perform medium work.  Id.

On August 3, 2010, at the request of the ALJ, Dr. Schosheim gave testimony regarding Plaintiff's RFC.  Dr. Schosheim opined Plaintiff could "occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; stand and/or walk with normal breaks for a total of six hours in an eight-hour workday; sit with normal breaks for a total of six hours in an eight-hour workday; push and/or pull, both using hand and/or foot controls, twenty pounds occasionally, and ten pounds frequently." (Tr. 475-76).

### C.    Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20

C.F.R. §§ 404.1520.  First, if a plaintiff is engaging in substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a plaintiff does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  § 404.1520(c).  Third, if a plaintiff's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a plaintiff's impairments do not prevent her from doing past relevant work, she is not disabled.  § 404.1520(e).  Fifth, if a plaintiff's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  § 404.1520(f).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S. Ct. 2287 n.5 (1987).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity through her date last insured of September 30, 2007.  (Tr. 393).  At step two, the ALJ found Plaintiff had the following severe impairment: fibromyalgia.  (Tr. 393-96).  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 396).

The ALJ further determined Plaintiff retained the residual functional capacity ("RFC")[3] to perform "less than light work".[4]  (Tr. 396).  Specifically, the ALJ found

_____

[3]    The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations.  20 C.F.R. §§ 404.1545.  The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation.  Id.

[4]    "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little,

Plaintiff was able to:

> Lift or carry no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Occasionally lift or carry twenty pounds; frequently lift or carry ten pounds; stand or walk six hours of an eight hour workday; and sitting six hours of eight hour workday. Push and or pull twenty pounds occasionally and ten pounds frequently using hand or foot controls. Restricted to occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling. She cannot climb ladders/ropes/scaffolds, and should avoid concentrated exposure to extreme heat or cold and hazardous machinery and heights.

(Tr. 396-400).

Based on this RFC finding, and the testimony of a vocational expert, the ALJ determined that Plaintiff was able to perform her past relevant work. (Tr. 490-94). Therefore, Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 401).

## III.     ANALYSIS

### A.     The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390-91 S. Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

---

a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b).

Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (explaining how the court must scrutinize the entire record to determine reasonableness of factual findings).

However, the district court will reverse a Commissioner's decision on plenary review, if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine whether the Commissioner properly applied the law. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994). Remand is unnecessary where all of the essential evidence [was] before the Appeals Council when it denied review, and the evidence establishe[d] without any doubt that the claimant was disabled. Bowen v. Heckler, 748 F.2d 629, 631, 636-37 (11th Cir. 1984).

**B.     Issues on Appeal**

Plaintiff raises the following two issues on appeal: (1) whether the ALJ erred in her decision to accord less weight to the treating physician (Doc. 10, pp. 20); and (2) whether the ALJ erred in failing to properly evaluate the medical opinion evidence (Id. at pp.15, 21).  The Court will address each issue in turn.

**1.     Whether the ALJ erred in her decision not accord significant weight to the treating physician's opinion.**

Plaintiff, who suffers from fibromyalgia, argues the ALJ erred by relying on the lack of objective evidence in finding the opinion of treating physician Dr. Mathews should be entitled to less weight.  (Doc. 10, pp. 15, 20).  The opinion of a treating physician "must be given substantial or considerable weight unless "good cause" is shown to the contrary."  Phillips v. Barnhart, 357 F.3d 1232, 1240, quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir.1997)).  Good cause is shown when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  Phillips, 357 F.3d at 1241.

Fibromyalgia is known to be a disabling impairment for which there are no objective tests to confirm the condition.  Green-Younger v. Barnhart, 335 F.3d 99, 108 (2nd Cir. 2003).  Indeed, a "treating physician's testimony can be particularly valuable in fibromyalgia cases, where objective evidence is often absent."  Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), citing Stewart v. Apfel, 245 F.3d 793, 2000 U.S. App. LEXIS 33214 at *9 n.4 (11th Cir. 2000).

The nature of fibromyalgia itself renders ... over-emphasis upon objective

findings inappropriate.  See Rogers, 486 F.3d at 248, citing Canfield v. Comm'r of Soc.

Sec., No. CIV.A.01–*CV–*73472–*DT, 2002 WL 31235758, at *1 (E.D. Mich. 2002)

(holding that it would be "nonsensical to discount a fibromyalgia claimant's subjective

complaints of pain based upon lack of objective medical evidence, as such evidence is

generally lacking with fibromyalgia patients").  By focusing on purely objective evidence,

an ALJ fails to discuss or consider the lengthy and frequent course of medical treatment

or the nature and extent of that treatment, the numerous medications ... prescribed, the

reasons for which they were prescribed, or the side effects ... experienced from those

medications.  Id.

     Here, while the objective findings of record demonstrate that Plaintiff did have

periods of overall improvement between 2003 and 2007, she also had significant

periods where her condition remained stable or became worse.  Although the ALJ found

Dr. Mathews' opinion was inconsistent with Plaintiff's testimony and Dr. Mathews' own

progress notes, the record does not indicate that this was not the case.  See (Tr. 90-93,

146, 321, 323-24, 354-56, 362-66); see also (Tr. 396-400).  Indeed, the record indicates

Plaintiff was experiencing pain, fatigue, and difficulty sleeping.  (Tr. 90-93, 316, 318,

321, 323-24, 326, 331).  These symptoms are common in those suffering from

fibromyalgia, and Dr. Mathews' opinion and notes are consistent with these facts.  See

Rogers, 486 F.3d at 244; see also (Tr. 90-93, 146).

     In addition, the process for diagnosing fibromyalgia involves testing for

tenderness in focal points and ruling out other conditions.  Rogers v. Comm'r of Soc.

Sec., 486 F.3d 234, 244 (6th Cir. 2007), citing Swain v.Comm'r of Soc. Sec., 297 F.

Supp. 2d 986, 990 (N.D. Ohio 2003).  Notably, the medical evidence submitted by Dr.

Mathews is replete with references to observed tender points, which is a key indicator in assessing the existence and severity of one's fibromyalgia.  See (Tr. 146).  The ALJ found that Plaintiff's impairment weren't as severe as alleged based on her ability to work part-time as a tutor and exercise.  However, the record indicates that Plaintiff consistently struggled with exercising and is extremely limited in her ability to tutor as she can only work for four hours/two days a week.  See (Tr. 362-65, 397).  Thus, "to the extent the ALJ relied on a lack of particular objective test results in her decision to deny Plaintiff's disability benefits, that determination is contrary to legal precedent in fibromyalgia case[s] and is not supported by substantial evidence."  (Tr. 418); citing Moore, 405 F.3d at 1211.

Moreover, the ALJ based part of her decision on the fact that there were no objective findings of neurologic issues, joint swelling, loss or range of motion, back issues, or other arthritic conditions which would limit Plaintiff's RFC, yet case law suggests that these types of findings aren't significant in diagnosing the severity of fibromyalgia.  See Preston v. Sec. of Health & Human Servs., 854 F.2d 815, 820 (finding that objective tests are not highly relevant in assessing fibromyalgia); see also Rogers, 486 F.3d at 244 (finding that ALJ's decisions should not be based on the lack of objective evidence, because the use of objective tests are not highly relevant in diagnosing conditions such as fibromyalgia or its severity).

Thus, for the foregoing reasons, the undersigned concludes that the ALJ failed to provide adequate reasoning for discrediting the treating opinion of Dr. Mathews.

**2.      Whether the ALJ erred in failing to properly evaluate the medical opinion evidence.**

Plaintiff contends the ALJ erred by failing to properly evaluate the medical opinion evidence pursuant to the factors set forth in 20 C.F.R. § 404.1527.  When deciding not to give a treating physician's medical opinion substantial weight, ALJs are required to consider many factors, including the examining relationship, the treatment relationship, how supported an opinion is, whether an opinion is consistent with the record, and a doctor's specialization.  20 C.F.R. § 404.1527(d)(1)-(6); Davis v. Astrue, 287 F. App'x 748, 753 (11th Cir. 2008).

Here, as stated above, the ALJ gave less weight to the treating opinions of Drs. Mathews and Zoller.  Yet, she gave significant weight to the opinion of Dr. Schosheim, a non-examining physician, on the basis that his opinion was more consistent with the evidence of record.  (Tr. 400).  Because "treating physicians are the medical professionals most able to provide a detailed, longitudinal picture of a claimant's medical impairments and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone, their opinions are generally accorded more weight than those of non-treating physicians." Rogers, 486 F.3d at 242.

Assuming *arguendo*, that the record is inconsistent with the opinions of Drs. Mathews and Zoller, the ALJ must still engage in a Section 404.1527(d) analysis, which addresses the weight that should be given to medical opinions.  As Section 404.1527(d) clearly states, an examining doctor is generally given more weight than a non-examining doctor, and a treating doctor is given more weight than a non-treating doctor because

they have a more detailed picture that cannot be obtained from objective findings alone. See C.F.R. § 404.1527(d). And when deciding to not give a treating or examining doctor controlling weight, an ALJ must still consider the following factors: length of treatment and frequency of exams, nature and extent of treatment, supportability, consistency, and specialization. Id.

Here, both Drs. Zoller and Mathews were Plaintiff's treating and examining physicians, whereas, Dr. Schosheim was not. Second, over the course of four years (2003-2007), Drs. Mathews and Zoller treated Plaintiff regularly. See (Tr. 171-204, 314-331). Third, Dr. Mathews specializes in rheumatology and Dr. Schosheim does not appear to have a speciality in this area. See (Tr. 472). Finally, Dr. Schosheim testified that his opinion was solely based on the medical records and not from the standpoint or the testimony of Plaintiff. (Tr. 485-86). Again, to assess the severity of fibromyalgia, a doctor must develop a relationship with a patient over time in which he can better assess and explain the source of the patient's problems. See Rogers, 486 F.3d at 244. Thus, the Court finds substantial evidence does not support the ALJ's decision and remand is required.

IV. **CONCLUSION**

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED** and **REMANDED** to the ALJ with instructions to: (1) re-evaluate the opinions of Plaintiff's treating physicians, and if she gives these opinions less than controlling weight, she should make sure to clearly articulate the reasons for doing so; (2) re-evaluate the objective evidence, and medical opinions in accordance with § 404.1527(c); and (3) conduct any other proceeding deemed appropriate. The Clerk of

the court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration. **This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __19th__ day of June, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record